**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| LINDRAN PROPERTIES, LLC (SHORELINE) | ) | Case No. 20-02834 |
| | ) | |
| Debtor. | ) | Hon. Jack B. Schmetterer |
| | ) | |
| | ) | |

**ORDER (A) APPROVING BID PROCEDURES AND BID PROTECTIONS IN CONNECTION WITH THE SALE OF SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, AND ENCUMBRANCES, (B) APPROVING THE FORM AND MANNER OF NOTICE, (C) APPROVING NOTICE OF THE ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES, (D) SCHEDULING A SALE HEARING AND, IF NECESSARY, AN AUCTION, (E) APPROVING THE STALKING HORSE BID, AND (F) GRANTING RELATED RELIEF**

This matter coming to be heard on the motion (the "Motion") of Lindran Properties, LLC (Shoreline), debtor and debtor in possession (collectively, "Debtor"), for the entry of an order, (a) authorizing and approving the bid procedures in connection with the sale of the Property[1] free and clear of all liens, claims, and encumbrances; (b) approving the form and manner of notice of an auction and sale hearing with respect to the sale (the "Sale"); (c) approving the notice of the assumption and assignment of executory contracts and unexpired leases; (d) scheduling such auction (if necessary) and sale hearing; (e) approving the selection of a stalking horse bidder (the "Stalking Horse Bidder"); and (f) granting related relief; it appearing that the relief requested is in the best interests of the Debtors' bankruptcy estates, its creditors, and other parties in interest; the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; consideration of the Motion and the relief requested therein being a

---

[1] The "Property" means the improved real property located in Chicago, Illinois consisting of 264 low income housing units in 13 buildings as more fully described in the Agreement.

1

core proceeding pursuant to 28 U.S.C. § 157(b); venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; notice of the Motion having been adequate and appropriate under the circumstances; and after due deliberation and sufficient cause appearing therefor:

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted. All capitalized terms used but otherwise not defined herein shall have the meanings set forth in the Motion.

2. All objections to the relief requested in the Motion that have not been withdrawn, waived, or settled as announced to the Court at the hearing on the Motion or by stipulation filed with the Court, are overruled.

**I.     Bid Procedures, Auction and Related Relief**

3. The Bid Procedures, as set forth in the Motion, are hereby approved in their entirety, and the Bid Procedures shall govern the submission, receipt, and analysis of all Bids relating to the proposed sale of the Property.

4. Any party desiring to bid on the Property shall comply with the Bid Procedures set forth in the Motion and this Order. The Debtor shall provide a copy of the Bid Procedures to all interested parties as provided for in the Bid Procedures and Sale Notice. The Debtor is authorized to take any and all actions necessary to implement the Bid Procedures.

5. If the Debtor does not receive a Qualified Bid from a Qualified Bidder, other than the Stalking Horse Bid, on or before the Bid Deadline, the Debtor will cancel the Auction and proceed with the Stalking Horse Bid as the Successful Bid. If one or more Qualified Bids, in addition to the Stalking Horse Bid, are received by the Debtor on or before the Bid Deadline, the Debtor will conduct the Auction to determine the Successful Bidder with respect to the Property.

6. The Debtor may: (a) select, pursuant to the Bid Procedures, the highest or

otherwise best Bid(s) and the Successful Bidder(s) or Backup Bidder(s) after consultation with the Trustee; (b) reject any bid, other than the Stalking Horse Bid, (regardless of whether such bid is a Qualified Bid) that, in the Debtor's business judgment, in consultation with the Trustee, is (i) inadequate, insufficient, or not the highest or best bid, (ii) not in conformity with the requirements of the Bankruptcy Code, the Bankruptcy Rules, or the Bid Procedures, or (iii) contrary to, or otherwise not in the best interests of the Debtor's estate, creditors, or other parties in interest.

## II.    Stalking Horse Bid

7.    The Debtor has entered into the Agreement with PRE Holdings 14, LLC as purchaser for the Property, and designates it as the "Stalking Horse Bidder" in accordance with the Bid Procedures. The Stalking Horse Bidder is approved. The Debtor is authorized to perform any obligations set forth in the Agreement that are intended to be performed prior to the Sale Hearing and/or entry of the Sale Order.

8.    The Bid Protections are approved. The Debtor is authorized to pay the Bid Protections, as applicable, to the Stalking Horse Bidder out of the proceeds from any Alternative Transaction to a Qualified Bidder, other than the Stalking Horse Bidder, pursuant to the Bid Procedures. The Bid Protections shall be paid from the proceeds of such transaction as a superpriority administrative expense claim senior to all other administrative expense claims, and prior to any recovery by the Trustee under Section 364(c)(1) of the Bankruptcy Code.

9.    The Trustee shall be allowed to credit bid for the Property at the Auction pursuant to Section 363(k) of the Bankruptcy Code. If the Trustee is the Successful Bidder in an Alternative Transaction, the Trustee shall pay the Break-Up Fee and Expense Reimbursement to the Stalking Horse Bidder in cash within three (3) days of the Closing.

3

**III.     Important Dates and Deadlines**

10. <u>Sale Notice, Auction and Sale Hearing</u>.  The Sale Notice as attached hereto as **Exhibit 1** is approved. The Debtor shall serve a copy of the Sale Notice, on or before the date that is two (2) business days after entry of this Order, by first class mail on (a) the U.S. Trustee; (b) counsel to Trustee; (c) the Illinois Finance Authority; (d) counsel to the Stalking Horse Bidder; (e) all entities known to have expressed a bona fide interest in acquiring the Property; (f) any receiver(s) in possession of the Property; (g) the City of Chicago; (h) all creditors of Debtor; (i) all federal, state, and local taxing authorities, recording offices or any other governmental authorities that may have claims, contingent or otherwise, against the Debtor's estate, or that are parties to governmental approvals or permits, or that have a reasonably known interest in the relief requested by the Motion; (j) all contractual counterparties to the Executory Contracts; and (k) all parties who have filed appearances or requested notices through the Court's CM/ECF system.  The Debtor shall file a certificate of service with respect to any and all other forms of marketing, including without limitation, any notice of publication.

11. <u>Bid Deadline</u>.  Forty-five (45) days after entry of this Order is the deadline by which all bids for the Property must be <u>actually received</u>, unless otherwise extended by the Debtor in accordance with the Bid Procedures (the "<u>Bid Deadline</u>"), by each of the following via email (in .pdf or similar format):

    (a)    Debtor's counsel, Clark Hill PLC, 130 E. Randolph Street, Suite 3900, Chicago, Illinois 60601, Attn.: Scott Schreiber (sschreiber@clarkhill.com); Kevin H. Morse (kmorse@clarkhill.com); and Chad Poznansky (cpoznansky@clarkhill.com); and

    (b)    Trustee's counsel, McDermott Will & Emery LLC, 444 W. Lake Street, Suite 4000, Chicago, Illinois 60606, Attn: William P. Smith (wsmith@mwe.com) and James W. Kapp III (jkapp@mwe.com).

12. <u>Auction</u>.  If one or more Qualified Bids, in addition to the Stalking Horse Bid, is

received on or before the Bid Deadline, an Auction will be held at the offices of counsel to the Debtor, Clark Hill PLC, 130 E. Randolph Street, Suite 3900, Chicago, Illinois 60601, **two (2) business days after the Bid Deadline** or such later time on such day or other place as the Debtor shall notify all Qualified Bidders who have submitted Qualified Bids. As set forth more fully in the Bid Procedures, only Qualified Bidders shall be permitted to participate at the Auction.

13. <u>Sale Objection Deadline</u>. Objections, if any, to the Sale must be made by **two (2) business days after the Auction, if one is held, or four (4) business days after the Bid Deadline** (the "<u>Objection Deadline</u>"). Objections must: (a) be in writing; (b) conform to the applicable provisions of the Bankruptcy Rules and the Local Rules of the United States Bankruptcy Court for the Northern District of Illinois (the "<u>Local Rules</u>"); (c) state with particularity the legal and factual basis for the objection and the specific grounds therefor; and (d) be filed with the Court and served so as to be **<u>actually received</u>** no later than the Objection Deadline by:

(a) Debtor's counsel, Clark Hill PLC, 130 E. Randolph Street, Suite 3900, Chicago, Illinois 60601, Attn.: Scott Schreiber (sschreiber@clarkhill.com); Kevin H. Morse (kmorse@clarkhill.com); and Chad Poznansky (cpoznansky@clarkhill.com); and

(b) Trustee's counsel, McDermott Will & Emery LLC, 444 W. Lake Street, Suite 4000, Chicago, Illinois 60606, Attn: William P. Smith (wsmith@mwe.com) and James W. Kapp III (jkapp@mwe.com).

14. A party's failure to timely file an objection in accordance with this Order shall forever bar the assertion of any objection to the Motion, entry of the Sale Order, and/or consummation of the Sale with the Stalking Horse Bidder, or any other Successful Bidder, pursuant to the applicable Agreement, including the assumption and assignment of the Executory Contracts to the Stalking Horse Bidder pursuant to the Agreement, or any other Successful Bidder, pursuant to any applicable agreement, and shall be deemed to constitute any such party's

5

consent to entry of the Sale Order and consummation of the Sale and all transactions related thereto, including, without limitation, such assumption and assignment.

15. <u>Service Contracts Notice; Objection Deadline</u>. The Stalking Horse Bidder shall send written notice to the Debtor designating which Service Contracts, if any, Stalking Horse Bidder desires to have Debtor assume pursuant to Section 365 of the Bankruptcy Code (the "<u>Designation</u>") no later than the date that is twenty-one (21) days after entry of the Bid Procedures Order.  The Debtor shall then serve, within two days of receipt of the Designation, written notice via U.S. Mail to each counterparty to a Service Contract (the "<u>Service Contract Notice</u>"), substantially in the form attached hereto as **Exhibit 2** (which notice is hereby approved), of Stalking Horse Bidder's intent to assume such Service Contracts.  All assumed Service Contracts, pursuant to the Service Contract Notice, shall be the "<u>Assumed Service Contracts</u>."

16. Any Successful Bidder in an Alternative Transaction shall have two (2) business days after the conclusion of the Auction to provide written notice to the Debtor designating which Service Contracts, if any, the Successful Bidder desires to have the Debtor assume or reject pursuant to Section 365 of the Bankruptcy Code.  On or after the first business day after receipt of the designated Service Contracts from any other Successful Bidder, the Debtor shall serve copies of the Service Contracts Notice, via overnight mail, on all counterparties to the designated Service Contracts.  Objections, if any, to the assumption and assignment of a Service Contract or the adequate assurance of future performance of such Service Contract, must (a) be in writing; (b) conform to the applicable provisions of the Bankruptcy Rules and the Local Rules; (c) state with particularity the legal and factual basis for the objection and the specific grounds therefor; and (d) be filed with the Court and served so as to be **actually received** by the

6

parties set forth in Paragraphs 12(a)-(b) above no later than one (1) day prior to the Sale Hearing or such other date agreed to by the Debtor and such objecting party.

17. If the counterparty to a Service Contract does not timely and properly file an objection in the manner set forth above, then such counterparty may be deemed to consent to the assumption and assignment of the Service Contract. If the counterparty timely and properly files an objection, then, as set forth in the Service Contract Notice, such counterparty shall have the opportunity to appear before the Court at the Sale Hearing. In addition, if an objection is not timely and properly filed and served in accordance with this Order, (a) a Service Contract may be assigned to the Successful Bidder, (b) the failure to object shall be deemed consent to the assumption and assignment for the purposes of section 365(c) of the Bankruptcy Code or otherwise, (c) the counterparty to a Service Contract shall be forever barred from asserting any other claim arising prior to the assignment, if applicable, against the Debtor or the Successful Bidder as to the Service Contract, and (d) with respect to a Service Contract, the Successful Bidder's promise to perform under the Service Contract shall be deemed adequate assurance of future performance under the Service Contract.

18. <u>Sale Hearing</u>. The Sale Hearing shall commence on _____, 2020 at __:__ __.m. before the Honorable Jack B. Schmetterer in Courtroom 682 in the United States Courthouse, 219 South Dearborn Street, Chicago, Illinois, or before any other judge who may be sitting in 682 place and stead. The Sale Hearing may be adjourned (with the consent of the Stalking Horse Bidder or Successful Bidder and Trustee not to be unreasonably withheld) without further notice other than by announcement in open Court or on the Court's calendar.

223059140.v3

**IV.    Miscellaneous.**

19.    Notwithstanding Local Rule 5005-3(D), the Debtor is authorized to file the Motion in an amount exceeding 15 pages without filing a separate motion for relief.

20.    The Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion

21.    The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

22.    This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Date:    February ___, 2020                  _____
        Chicago, Illinois                                         United States Bankruptcy Judge

Prepared By:

Scott N. Schreiber (#06191042)
Kevin H. Morse (#06297244)
CLARK HILL PLC
130 East Randolph Street | Suite 3900
Chicago, Illinois 60601
T: (312) 985-5595
F: (312) 985-5984
sschreiber@clarkhill.com
kmorse@clarkhill.com                      _____

223059140.v3

# Exhibit 1

223059140.v3

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| LINDRAN PROPERTIES, LLC (SHORELINE) | ) | Case No. 20-02834 |
| | ) | |
| Debtor. | ) | Hon. Jack B. Schmetterer |
| | ) | |
| | ) | |

**NOTICE OF BID PROCEDURES, AUCTION,
AND SALE HEARING**

  **PLEASE TAKE NOTICE** that on February 11, 2020, Lindran Properties, LLC (Shoreline), debtor and debtor in possession (collectively, "Debtor" or "Sellers"), filed the *Debtor's Motion for Entry of (I) an Order (a) Approving Bid Procedures and Bid Protections in Connection with the Sale of Substantially All of the Debtor's Assets Free and Clear of all Lien, Claims, and Encumbrances, (b) Approving the Form and Manner of Notice, (c) Approving Notice of the Assumption and Assignment of the Executory Contracts and Unexpired Leases; (d) Scheduling a Sale Hearing and, If Necessary, an Auction, (e) Approving the Stalking Horse Bid, and (f) Granting Related Relief; and (II) an Order (a) Approving the Purchase and Sale Agreement, (b) Authorizing the Sale of the Property Free and Clear of All Liens, Claims, Encumbrances, and Interests, (c) Authorizing the Assumption and Assignment of the Executory Contracts and Unexpired Leases, and (d) Granting Related Relief* (the "Motion")[1] with the United States Bankruptcy Court for the Northern District of Illinois (the "Court") seeking, among other things, entry of an order authorizing and approving: (a) the procedures for the sale of the Property[2] free and clear of liens, claims, interests, and encumbrances; (b) notice of the assumption and assignment of the designated executory contracts; (c) a hearing for the approval of the Sale and, if necessary, an auction; and (d) approving the Stalking Horse Bid.

  **PLEASE TAKE FURTHER NOTICE** that the Debtor has entered into a stalking horse agreement for the sale of the Property and is soliciting higher and better offers for the purchase of the Property consistent with the Bid Procedures (the "Bid Procedures") approved by the Court by entry of an order on February __, 2020 [Docket No.    ] (the "Bid Procedures Order"). **All interested bidders should carefully read the Bid Procedures and Bid Procedures Order**. To the extent that there are any inconsistencies between this notice and the Bid Procedures or Bid Procedures Order, the Bid Procedures or Bid Procedures Order, as applicable, shall govern in all respects.

---

[1] All capitalized terms used but not defined herein shall have the meanings set forth in the Motion.

[2] The "Property" means the improved real property located in Chicago, Illinois consisting of 264 low income housing units in 13 buildings as more fully described in the Agreement.

10

223059140.v3

**PLEASE TAKE FURTHER NOTICE** that, if the Debtor receives qualified competing bids within the requirements and time frame specified by the Bid Procedures, the Debtor will conduct an auction (the "Auction") of the Property on **April [●], 2020 at 10:00 a.m. (prevailing Central Time)** at the offices of Clark Hill PLC, 130 E. Randolph Street, Suite 3900, Chicago, Illinois 60601 (or at any other location as the Debtor may hereafter designate on proper notice).

**PLEASE TAKE FURTHER NOTICE** that the Debtor will seek approval of the Sale at a hearing scheduled to commence at **April [●], 2020 at    :    a.m. (prevailing Central Time)** (the "Sale Hearing") before the Honorable _____ in Courtroom ____ in the United States Courthouse, 219 South Dearborn Street, Chicago, Illinois. The Sale Hearing may be adjourned from time to time without further notice to creditors or parties in interest other than by announcement of the adjournment in open court on the date scheduled for the Sale Hearing.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the relief requested in the Motion **must**: (a) be in writing; (b) conform to the applicable provisions of the Bankruptcy Rules and the Local Rules; (c) state with particularity the legal and factual basis for the objection and the specific grounds therefor; and (d) be filed with the Court and served so as to be actually received no later than **April [●], 2020 at 5:00 p.m. (prevailing Central Time)** (the "Objection Deadline") by the counsel to the (a)  Debtor, Clark Hill PLC, 130 E. Randolph Street, Suite 3900, Chicago, Illinois 60601, Attn.: Scott Schreiber (sschreiber@clarkhill.com); Kevin H. Morse (kmorse@clarkhill.com); and Chad Poznansky (cpoznansky@clarkhill.com); and (b) Trustee, McDermott Will & Emery LLC, 444 W. Lake Street, Suite 4000, Chicago, Illinois 60606, Attn: William P. Smith (wsmith@mwe.com) and James W. Kapp III (jkapp@mwe.com).

## CONSEQUENCES OF FAILING TO TIMELY MAKE AN OBJECTION

**ANY PARTY OR ENTITY WHO FAILS TO TIMELY MAKE AN OBJECTION TO THE SALE ON OR BEFORE THE SALE OBJECTION DEADLINE IN ACCORDANCE WITH THIS NOTICE SHALL BE FOREVER BARRED FROM ASSERTING ANY OBJECTION TO THE SALE, INCLUDING WITH RESPECT TO THE TRANSFER OF THE OWNED REAL PROPERTY FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS**

223059140.v3

## NO SUCCESSOR OR TRANSFER LIABILITY

> The proposed Sale Order provides that the Successful Bidder(s) arising from the Sale, or Auction if held, will have no responsibility for, and the Property will be sold free and clear of, any successor liability, including the following: (a) any liability or other obligation of the Debtor's estate or related to the Property other than as expressly set forth in the applicable Agreement; or (b) any claims against the Debtor, its estate, or any of their predecessors or affiliates other than as expressly set forth in the applicable Agreement. Except as expressly provided in the Sale Order, the Successful Bidder(s) shall have no liability whatsoever with respect to the Debtor's estate (or their predecessors' or affiliates') respective businesses or operations or any of the Debtor's estate (or their predecessors' or affiliates') obligations (as described below, "Successor or Transferee Liability") based, in whole or part, directly or indirectly, on any theory of successor or vicarious liabilities of any kind or character, including, but not limited to, any theory of antitrust, environmental, successor or transferee liability, labor law, de facto merger or substantial continuity, whether known or unknown as of the closing of the Sale, now existing or hereafter arising, whether asserted or unasserted, fixed or contingent, liquidated or unliquidated with respect to the Debtor or any obligations of the Debtor arising prior to the closing of the Sale, including, but not limited to, liabilities on account of any taxes or governmental fines arising, accruing or payable under, out of, in connection with, or in any way relating to the Property or operation of the Debtor prior to the closing of the Sale.

**PLEASE TAKE FURTHER NOTICE** that copies of the Motion, and any exhibits thereto, including the Bid Procedures Order, Bid Procedures, the Agreement, and the proposed Sale Order, are available: (a) upon request to counsel for the Debtor by e-mailing kmorse@clarkhill.com or by calling (312) 985-5556; or (b) for a fee via PACER by visiting http://www.ilnd.uscourts.gov.

Dated: February __, 2020                 Respectfully submitted,

**LINDRAN PROPERTIES, LLC
(SHORELINE)**

By: /s/ *Kevin H. Morse*
     One of Its Proposed Attorneys

Scott N. Schreiber (#06191042)
Kevin H. Morse (#06297244)
CLARK HILL PLC
130 East Randolph Street | Suite 3900
Chicago, Illinois 60601
T: (312) 985-5595
F: (312) 985-5984
sschreiber@clarkhill.com
kmorse@clarkhill.com

12

# Exhibit 2

223059140.v3

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| LINDRAN PROPERTIES, LLC (SHORELINE) | ) | Case No. 20-02834 |
| | ) | |
| Debtor. | ) | Hon. Jack B. Schmetterer |
| | ) | |
| | ) | |

## NOTICE OF ASSUMPTION AND ASSIGNMENT OF
## UNEXPIRED LEASES AND EXECUTORY CONTRACTS

**PLEASE TAKE NOTICE** that on February 11, 2020, Lindran Properties, LLC (Shoreline), debtor and debtor in possession (collectively, "Debtor" or "Sellers"), filed the *Debtor's Motion for Entry of (I) an Order (a) Approving Bid Procedures and Bid Protections in Connection with the Sale of Substantially All of the Debtor's Assets Free and Clear of all Lien, Claims, and Encumbrances, (b) Approving the Form and Manner of Notice, (c) Approving Notice of the Assumption and Assignment of the Executory Contracts and Unexpired Leases; (d) Scheduling a Sale Hearing and, If Necessary, an Auction, (e) Approving the Stalking Horse Bid, and (f) Granting Related Relief; and (II) an Order (a) Approving the Purchase and Sale Agreement, (b) Authorizing the Sale of the Property Free and Clear of All Liens, Claims, Encumbrances, and Interests, (c) Authorizing the Assumption and Assignment of the Executory Contracts and Unexpired Leases, and (d) Granting Related Relief* (the "Motion")[1] with the United States Bankruptcy Court for the Northern District of Illinois (the "Court") seeking, among other things, entry of an order authorizing and approving: (a) the procedures for the sale of the Property[2] free and clear of liens, claims, interests, and encumbrances; (b) notice of the assumption and assignment of the designated executory contracts; (c) a hearing for the approval of the Sale and, if necessary, an auction; and (d) approving the Stalking Horse Bid.

**PLEASE TAKE FURTHER NOTICE** that the Debtor has entered into a stalking horse agreement for the sale of the Property and is soliciting higher and better offers for the purchase of the Property consistent with the Bid Procedures (the "Bid Procedures") approved by the Court by entry of an order on February __, 2020 [Docket No.    ] (the "Bid Procedures Order"). If the Debtor receives qualified competing bids within the requirements and time frame specified by the Bid Procedures, the Debtor will conduct an auction (the "Auction") of the Property on **April [●], 2020 at 10:00 a.m. (prevailing Central Time)** at the offices of Clark Hill PLC, 130 E. Randolph Street, Suite 3900, Chicago, Illinois 60601 (or at any other location as the Debtor may hereafter designate on proper notice).

---

[1] All capitalized terms used but not defined herein shall have the meanings set forth in the Motion.

[2] The "Property" means the improved real property located in Chicago, Illinois consisting of 264 low income housing units in 13 buildings as more fully described in the Agreement.

2

223059140.v3

**PLEASE TAKE FURTHER NOTICE** that the Debtor will seek approval of the Sale and the assumption and assignment of the Assumed Service Contracts to the Successful Bidder at a hearing scheduled to commence at **April [●], 2017 at 10:30 a.m. (prevailing Central Time)** (the "Sale Hearing") before the Honorable _____ in Courtroom _____ in the United States Courthouse, 219 South Dearborn Street, Chicago, Illinois, at which time and place you may appear if you so desire.

**YOU ARE RECEIVING THIS NOTICE BECAUSE YOU ARE THE COUNTERPARTY TO AN EXECUTORY CONTRACT**. Pursuant to the Bid Procedures and this notice, the Debtor hereby notifies you, pursuant to the terms of the Agreement, in the exercise of Debtor's business judgment, that your Service Contract shall be hereby assumed and assigned to the Stalking Horse Bidder (or such other Successful Bidder) upon the closing of the Sale, subject to the payment of any and all cure amounts, if any, that are agreed to by the parties (the "Cure Amount").

**PLEASE TAKE FURTHER NOTICE** that the Debtor believes that the Stalking Horse Bidder's (or such other Successful Bidder) payment of any cure amounts related to the Assumed Service Contract, as set forth in the Agreement, and the Stalking Horse Bidder's (or such other Successful Bidder) commitment to pay obligations as they come due, demonstrate adequate assurance of future performance and satisfy the requirements of sections 365(b)(1)(C) and 365(f)(2)(B) of the Bankruptcy Code.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the relief requested in the Motion and/or assumption and assignment of an Assumed Service Contract **must**: (a) be in writing; (b) conform to the applicable provisions of the Bankruptcy Rules and the Local Rules; (c) state with particularity the legal and factual basis for the objection and the specific grounds therefor; and (d) be filed with the Court and served so as to be actually received no later than **April [●], 2020 at 5:00 p.m. (prevailing Central Time)** (the "Objection Deadline") by the counsel to the (a) Debtor, Clark Hill PLC, 130 E. Randolph Street, Suite 3900, Chicago, Illinois 60601, Attn.: Scott Schreiber (sschreiber@clarkhill.com); Kevin H. Morse (kmorse@clarkhill.com); and Chad Poznansky (cpoznansky@clarkhill.com); and (b) Trustee, McDermott Will & Emery LLC, 444 W. Lake Street, Suite 4000, Chicago, Illinois 60606, Attn: William P. Smith (wsmith@mwe.com) and James W. Kapp III (jkapp@mwe.com).

If any timely filed Objection cannot be resolved by the Debtor, Stalking Horse Bidder (or such other Successful Bidder) and the objecting party, the Court shall resolve such Objection prior to assumption and assignment of the Service Contract, and upon entry of any order by the Court resolving such Objection, the assignment, if approved by the Court, shall be deemed effective as of the date such objecting party receives this written notice.

3

**CONSEQUENCES OF FAILING TO TIMELY MAKE AN OBJECTION**

ANY PARTY OR ENTITY WHO FAILS TO TIMELY MAKE AN OBJECTION TO THE ASSUMPTION AND ASSIGNMENT OF AN EXECUTORY CONTRACT ON OR BEFORE THE OBJECTION DEADLINE IN ACCORDANCE WITH THIS NOTICE SHALL BE FOREVER BARRED FROM ASSERTING ANY OBJECTION TO THE ASSUMPTION OR ASSIGNMENT OF SUCH EXECUTORY CONTRACT

**PLEASE TAKE FURTHER NOTICE** that copies of the Motion, and any exhibits thereto, including the Bid Procedures Order, Bid Procedures, the Agreement, and the proposed Sale Order, are available: (a) upon request to counsel for the Debtor by e-mailing kmorse@clarkhill.com or by calling (312) 985-5556; or (b) for a fee via PACER by visiting http://www.ilnd.uscourts.gov.

Dated: February __, 2020

Respectfully submitted,

**LINDRAN PROPERTIES, LLC (SHORELINE)**

By: /s/ *Kevin H. Morse*
    One of Its Proposed Attorneys

Scott N. Schreiber (#06191042)
Kevin H. Morse (#06297244)
CLARK HILL PLC
130 East Randolph Street | Suite 3900
Chicago, Illinois 60601
T: (312) 985-5595
F: (312) 985-5984
sschreiber@clarkhill.com
kmorse@clarkhill.com

4

223059140.v3