In the

# United States Bankruptcy Court

For the Northern District of Illinois

| | |
|---|---|
| IN RE<br><br>LINDRAN PROPERTIES, LLC (SHORLINE),<br><br>DEBTOR. | EASTERN DIVISION<br>HON. JACK B. SCHMETTERER<br><br>CASE NO. 20-02834<br>CHAPTER 11<br><br>HEARING DATE:  FEBRUARY 27, 2020<br>HEARING TIME:   11:00 A.M. |

## OBJECTION TO ENTRY OF BID PROCEDURES ORDER

The City of Chicago objects to entry of the proposed order [Docket 58] granting the Debtor's motion [Docket 26] approving bid procedures and granting other relief in connection with the proposed sale of the Debtor's property. The order as drafted fails to provide critical protection for the Receiver, the community, and the Debtor's tenants.

### I. Failure to Protect Receiver

As discussed in court and set forth in the U.S. Trustee's objection to the Debtor's motion [Docket 31], the Debtor owns a number of multi-unit residential properties in the City of Chicago. Due to Municipal Code violations at all of the properties which the Debtor was unable to remedy, and which are the subject of litigation in enforcement cases in state court involving each of the properties, the Receiver was appointed in each case to take control of the properties. The parties

have all agreed that it is in the best interests of everyone for the Receiver to remain in place to maintain the properties.

The Receiver will incur costs in performance of its duties. Those costs will eventually be reviewed in state court and if approved will become statutory liens on the properties or, if the properties are sold, on the proceeds of the sale. However, that process takes time and it is unavoidable that there will be costs incurred by the Receiver that will not have been approved by the time of the sale. Clearly the Receiver is entitled to have those costs paid out of the sale proceeds, but the sale procedures proposed by the Debtor leave the Receiver vulnerable.

Paragraph 7 of the proposed order provides that

> . . . all liens, claims, encumbrances, and interests on the Property, including, without limitation, the asserted liens, claims, and encumbrances of the Receiver, the Trustee, and Paper Street Realty, LLC, shall attach to the proceeds from the Sale with the same force, effect, validity, and priority as such liens, claims, encumbrances, and interests had on such Property prior to the closing of the Sale, pursuant to applicable law and any order entered by the Court. For the avoidance of doubt, the Receiver's claim against the proceeds from the Sale shall include all allowed fees and costs incurred by the Receiver with respect to the Property to and including the closing of the Sale, notwithstanding whether such certificates have been filed with or approved by the Housing Court.

Under this paragraph, while clearly the Receiver's costs that have not yet been approved by the state court would be claims against the sale proceeds, they have only the priority they had with respect to the property before the sale. Those claims are not secured, so they would have no priority at all. All proceeds of the sale will be subject to liens greatly in excess of any reasonably foreseeable sale price. So, for expenditures not yet approved by the state court, the Receiver will have no claim to those proceeds at all.

It is grossly inequitable to expect the Receiver to continue caring for the properties, which is clearly for the benefit of all parties involved, without some assurance that the costs it incurs in that effort will be paid. In a more traditional

Chapter 11 case, there would be some potential protection inasmuch as the Receiver's expenditures would almost certainly be administrative expenses, which would have to be paid to confirm a plan. But in this case, it is entirely possible that no plan will be proposed, much less confirmed. It is probably in the best interests of the Debtor to simply dismiss this case, or allow it to be dismissed, after the sale is concluded. From a business and cost-control perspective, it is clear.

If the court allows the Debtor to proceed with a sale in Chapter 11 under these circumstances, at the very least, provision must be made for payment of expenses incurred in furtherance of that project, which means the Receiver's expenditures in care of the properties. That could take the form of a carve-out from the sale proceeds for anticipated Receiver expenses, or a provision in the order providing that such expenses must be paid out of the sale proceeds, and precluding distribution of sale proceeds until the costs are determined and paid. It is no comfort to say that the matter can be dealt with in the order approving the sale—at that point, the costs will have been incurred, and who knows what may have happened in the interim. The Receiver, if it is asked to care for the properties during the pendency of the case, is entitled to know—now—that its expenses will be paid. And, it should be clarified that the Receiver's costs would be "claims of greater priority" for the purposes of paragraph 10 of the proposed order, which must be paid even if the Trustee acquires the properties through a credit bid.

## II. Requirements for Purchaser

The Debtor's properties were intended to provide sorely-needed low-income housing, and some of the properties still have tenants. At the last hearing in this case, the court and the parties discussed the need to ensure that any purchaser of the Debtor's properties, all of which are in dire need of repairs and rehabilitation, have the financial wherewithal to undertake the necessary work, and that the interests of the tenants be protected. The proposed order, however, contains no enforceable requirements, on the stalking horse bidder or any other bidder.

The bid procedures do make reference to financial capacity (Bid Procedures, ¶ (b)(vi)) and plans or proposals for rehabilitation of the properties (Bid Procedures, ¶ (f)(g)), but in neither case is there any standard to be met, or even a goal. It is entirely at the discretion of the Debtor and the Trustee to determine whether a bid is sufficient in its form and content, and the Debtor and Trustee can reject any bid they find not to be "best" based on only the vaguest of criteria. See Proposed Order, ¶ 6.

There is no requirement that a purchaser commit to rehabilitation of the properties, or retention of tenants. Ideally, any prospective purchaser of the properties should be required to provide (a) proof of funding for the acquisition and the rehabilitation of the properties; (b) a plan for compliance showing a timeline for completion; and (c) a plan for current tenants, including extending all existing leases for 6 months after close of sale and provide reasonable relocation assistance to any tenant displaced due to planned construction. These basic requirements would help ensure that the properties do not remain blights on the urban landscape indefinitely, and that tenants are not needlessly displaced.

## III. Conclusion

For the foregoing reasons, the court should deny the Debtor's motion unless and until any order entered pursuant to that motion both (a) protects the Receiver's ability to be compensated for its care of the estate's property, and (b) includes requirements that bidders show both financial ability and a plan to rehabilitate the properties, and protect the interests of tenants.

Dated: February 26, 2020

Respectfully submitted,

THE CITY OF CHICAGO

Mark A. Flessner
Corporation Counsel
Charles A. King
Assistant Corporation Counsel - Senior
Chicago Department of Law
121 N. LaSalle St., Suite 400
Chicago, IL 60602

Mark A. Flessner
Corporation Counsel

By: /s/ Charles A. King
    Asst. Corporation Counsel - Senior

4

312-742-0019
chuck.king@cityofchicago.org

5

## CERTIFICATE OF SERVICE

      I, Charles A. King, an attorney, hereby certify that on February 26, 2020, I caused a copy of the attached Objection to Entry of Bid Procedures Order to be served via the court's electronic noticing system for Registrants on those designated to receive such service as provided on the attached Service List.

                                      /s/ Charles A. King

## SERVICE LIST

Registrants

(Via CM/ECF)

| Name | Email |
|---|---|
| William S. Hackney, III | whackney@salawus.com |
| J. Mark Fisher | mfisher@schiffhardin.com |
| Jin Yan | jyan@schiffhardin.com |
| Jeffrey L. Gansberg | Jeffrey.l.gansberg@usdoj.gov |
| Kevin H. Morse | kmorse@clarkhill.com |
| Scott N. Schreiber | sschreiber@clarkhill.com |
| Eric E. Walker | ewalker@perkinscoie.com |
| Steven B. Chaiken | schaiken@ag-ltd.com |
| James Kapp | jkapp@mwe.com |
| Joseph M. Robinson | jmrobinson@mwe.com |
| Patrick S. Layng | USTPRegion11.ES.ECF@usdoj.gov |