# In the
# United States Bankruptcy Court
## For the Northern District of Illinois

| | |
|---|---|
| IN RE<br><br>LINDRAN PROPERTIES, LLC (SHORLINE),<br><br>DEBTOR. | EASTERN DIVISION<br>HON. JACK B. SCHMETTERER<br><br>CASE NO. 20-02834<br>CHAPTER 11<br><br>HEARING DATE: FEBRUARY 27, 2020<br>HEARING TIME: 11:00 A.M. |

## OBJECTION TO ENTRY OF COLLATERAL SURCHARGE ORDER

The City of Chicago objects to entry of the proposed order [Docket 60] granting the Debtor's motion [Docket 24] approving surcharge of the Trustee's collateral pursuant to 11 U.S.C. § 506(c). The order as drafted affects collateral of other secured creditors with superior interests to the Trustee.

By its motion, the Debtor purports to surcharge the collateral of the indenture trustee for certain bondholders who financed the purchase of the Debtor's real properties. The Trustee has liens on those properties. The order purports to be agreed. However, the proposed relief ignores the interests of other lienholders, who have liens ahead of the Trustee.

Paragraph 2 of the proposed order provides,

> Pursuant to Section 506(c) of the Bankruptcy Code, a surcharge of up to $300,000, in addition to the Closing Cost

> Surcharge, shall be paid out from the proceeds of the contemplated sale of the Property (the "Carve-Out") to pay for the professional and statutory fees described in Exhibit A.2 The Carve-Out shall not be subject to the liens of the Trustee or any other party asserting a lien in the proceeds of the sale, except with respect to any amount remaining after the payment of all fees and expenses set forth in Exhibit A[.]

Thus, if the proposed order is entered, $300,000.00 will come off the top of the proceeds of the anticipated sale of the properties. However, the Trustee's lien interest is behind at least two other categories of liens that are on some or all of the properties: the statutory liens of the Receiver appointed by the state court to maintain the properties, and mechanics' liens. Tax liens may also be superior to the Trustee's liens, if there are any.

If the Trustee wants to let some of its collateral be used to fund professionals in this case, that is up to the Trustee, but the Trustee can't mandate the surcharge of someone else's collateral. The effect of the order would be to give the Trustee's discretionary distribution priority greater than its lien. Any carve out must come from sale proceeds available *after* higher-priority liens and claims are satisfied.

Accordingly, the court should deny the Debtor's surcharge motion, unless and until any order authorizing the surcharge respects the rights of senior lienholders.

Dated:  February 26, 2020

Mark A. Flessner
Corporation Counsel
Charles A. King
Assistant Corporation Counsel - Senior
Chicago Department of Law
121 N. LaSalle St., Suite 400
Chicago, IL  60602
312-742-0019
chuck.king@cityofchicago.org

Respectfully submitted,

THE CITY OF CHICAGO

Mark A. Flessner
Corporation Counsel

By: /s/ Charles A. King
      Asst. Corporation Counsel - Senior

## CERTIFICATE OF SERVICE

      I, Charles A. King, an attorney, hereby certify that on February 26, 2020, I caused a copy of the attached Objection to Entry of Collateral Surcharge Order to be served via the court's electronic noticing system for Registrants on those designated to receive such service as provided on the attached Service List.

/s/ Charles A. King

## SERVICE LIST

Registrants

(Via CM/ECF)

| | |
|---|---|
| William S. Hackney, III | whackney@salawus.com |
| J. Mark Fisher | mfisher@schiffhardin.com |
| Jin Yan | jyan@schiffhardin.com |
| Jeffrey L. Gansberg | Jeffrey.l.gansberg@usdoj.gov |
| Kevin H. Morse | kmorse@clarkhill.com |
| Scott N. Schreiber | sschreiber@clarkhill.com |
| Eric E. Walker | ewalker@perkinscoie.com |
| Steven B. Chaiken | schaiken@ag-ltd.com |
| James Kapp | jkapp@mwe.com |
| Joseph M. Robinson | jmrobinson@mwe.com |
| Patrick S. Layng | USTPRegion11.ES.ECF@usdoj.gov |