UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | | |
|---|---|---|
| In Re: | ) | BK No.: 20-02834 |
| | ) | |
| LINDRAN PROPERTIES, LLC (SHORELINE) | ) ) ) | Chapter: 11 |
| | ) | Honorable Jack B. Schmetterer |
| | ) | |
| Debtor(s) | ) | |

### ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF CLARK HILL PLC AS BANKRUPTCY COUNSEL

This matter came before the Court on the application of Lindran Properties, LLC (Shoreline), debtor and debtor in possession ("Debtor"), for the entry of an order authorizing the retention and employment of Scott N. Schreiber, Kevin H. Morse, Chad M. Poznansky, and Reginald D. Cloyd of Clark Hill PLC (collectively, "Clark Hill") as bankruptcy counsel to the Debtor nunc pro tunc to January 31, 2020 (the "Application"); due and proper notice of the Application having been provided to all parties in interest; the Court having considered the Application and the objection of the U.S. Trustee; the objection of the U.S. Trustee having been resolved; having reviewed the Second Supplemental Declaration of Scott N. Schreiber and the Amended Rule 2016 statement; and otherwise being fully advised;

IT IS HEREBY ORDERED that:

1. The Application is granted as set forth herein.

2. Pursuant to 11 U.S.C. § 327(a), the Debtor is authorized to retain and employ Clark Hill as its bankruptcy counsel retroactive to January 31, 2020, for all purposes set forth in the Application.

3. Andrew Belew, the president and chairman of Better Housing Foundation, Inc., the sole member and manager of the Debtor, shall retain his own counsel no later than March 31, 2020, to advise and counsel Mr. Belew, individually, of his fiduciary responsibilities owed to the Debtor and its estate and to review and advise Mr. Belew on the separate bids received for the purchase of the Property (as defined in the Application).

4.	Clark Hill shall be compensated pursuant to section 330 of the Bankruptcy Code, any applicable Federal Rules of Bankruptcy Procedure, the Local Rules for the United States Bankruptcy Court for the Northern District of Illinois, the Guidelines established by the U.S. Trustee, and any procedures as further established by order of the Court.

5.	Upon consideration of Debtor's proposed counsel's first fee application, counsel for Debtor shall segregate any and all time devoted to the defense of the United States Trustee's Objection to employment of such counsel so that the Court may then consider a monetary sanction for the plethora of potential conflicts and initial omissions and corrections of disclosures on the part of Debtor's proposed counsel.

Enter:

Honorable Jack B. Schmetterer
United States Bankruptcy Judge

Dated: March 24, 2020